MaNly, J.
 

 As children are supposed to be the peculiar objects of a parent’s care, constructions most favorable to their rights, have been generally adopted by the courts.
 

 "We accordingly find that a pecuniary legacy to a
 
 child does
 
 not stand in all respects upon the same footing with one to a
 
 *275
 
 person, not in tbat relation. As a general rule, when a day of payment is fixed for a legacy, interest will not be counted upon it, until the day arrive, but it is not
 
 generally so
 
 in re.spect to a child’s legacy, because, as it is said, of the child’s necessity, in the mean time, for support.
 

 So, when a general legacy is left to a child in such a way as to vest, but upon a
 
 condition svhsequent,
 
 as upon dying '•before obtaining the age of twenty-one, it is to divest and go over, the child will be entitled to the interest or profits for support; and, if he die, the accumulation will go to his personal representative. This general rule is supported by many legal authorities, and is only departed from, as we think, when a different
 
 intention
 
 is manifest in the provisions of the will, as when complete provision for support is otherwise ¿nade, and a purpose declared to leave the interest to accumulate and •go over, upon the happening of the condition, to the ulterior legatee.
 

 The case of
 
 Hearle
 
 v.
 
 Greenbank,
 
 reported in 3 Atkins, 697, which was cited on the argument, is a case that falls under the exception above stated. 'The general rule was there admitted to be that such legacies bore interest.
 

 The governing principle in construing every testáhrehtary paper, is to discover and carry into execution the testator’s purposes. Rules by which we are guided i'fi the interpretation of language, have this end in view-, ’and are made subservient to if. It seems to us, upon a consideration of all parts of the will having relation to the matter in controversy, that the testatrix intended the donation in the second clause of hef will in aid only of the other fund for education and support. The language used “fortheextmm6andl)enefii” ofher daughter, does not exclude, but rather suggests the idea Of other means of support. There ió no part of the will which favórs a different conclusion, or indicates an intention to tie up the accumulation of this estate during the minority of the daughter and that they should -gó to her only in case she obtained the age of twenty-one; thé fund is given to her in the 10th clause, in language sufficiént and proper to convey a vested interest, and
 
 *276
 
 the provision in the seventh oíanse, by the construction most unfavorable to the rights of the
 
 legatee,postpones,
 
 merely, the possession until the age of twenty-one. ' It follows from this view of the will, that the interest and profits of the entire estate of Sarah E. Brietz, vested absolutely in her, were, during her life-time, subject to her education and support, and upon her death, under age, passed to her personal representative. The conclusion to -which we thus come, is fortified by a number of analogous cases, which seem to establish the rule of interpretation “that wherever a pecuniary or general legacy cy is given out, not payable until the legatee attain the age of twenty-one, with a bequest over, divesting the legacy, in case he die under age, the personal representative will take the accumulated interest;
 
 Acherly
 
 v.
 
 Wheeler,
 
 1 P. Williams, 783;
 
 Nickols
 
 v.
 
 Osborne,
 
 2 P. Williams, 419;
 
 Barber
 
 v.
 
 Barber,
 
 14 Eng. Con. Chan. 388.
 

 We are of opinion, therefore, that the personal representative of Sarah E. Brietz, will take the interest, dividends and profits accumulated upon her estate, from the death of the testatrix to the time of the said Sarah’s death, subject to a due course of administration, and that the capital only, will pass to the children of Rebecca M. Shultz.
 

 Pee Cubiam, Decree for an account.